UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **LARRY D. ANDREWS,** | ) | Chapter 13 |
| | ) | |
| and | ) | Case No.: 15-20461 |
| | ) | |
| **LISA A. ANDREWS** | ) | |
| | ) | |
| Debtors. | ) | |

**OPINION**

This matter is before me on Mr. and Ms. Andrews' July 10, 2015 Motion to Determine Debtors' Adequate Assurance of Payment to Central Maine Power Company ("CMP") Pursuant to 11 U.S.C. § 366 (b)[1] (the "Motion"). The chapter 13 trustee filed a response indicating his support for the relief requested in the Motion. CMP, on the other hand, objected to the relief requested by the debtors. The debtors filed a response brief, and the parties thereafter filed stipulations before presenting evidence and argument on July 24, 2015.

**I. JURISDICTION AND VENUE.**

The bankruptcy court has jurisdiction of this case pursuant to 28 U.S.C. §1334 and the general order of reference entered in this district pursuant to 28 U.S.C. §157(a); D. Me. Local R. 83.6(a). Venue here is proper pursuant to 28 U.S.C. §1409(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2)(A, O).

---

[1] All references to the "Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, et seq.

1

**II. FACTS.**

The debtors filed for bankruptcy relief under chapter 13 on June 18, 2015. CMP was listed as a creditor in the amount of $0.00 on the debtors' Schedule F – Creditors Holding Unsecured Nonpriority Claims – for notice purposes only. By letter dated June 18, 2015, debtors' counsel sent CMP a letter proposing a prepayment of $100 representing an "average" month's electricity usage in order to provide CMP with adequate assurance of payment as required by § 366(b). The debtors planned for the prepayment to be applied to the next payment due to CMP for their electrical usage. If that bill was not satisfied by the prepayment, then the debtors would owe CMP the deficiency. Conversely, if the bill were less than the prepayment, the surplus would be applied to the debtors' following bill.

CMP did not agree that the proposed arrangement provided it with adequate assurance of payment. It sent Mr. Andrews a letter dated June 23, 2015 requesting a deposit of $243, constituting the "two highest months of electricity delivery services".

There is no evidence that the Andrews ever missed a CMP payment or made a late payment.

**III. DISCUSSION.**

Through their Motion, the debtors seek an order determining that their prepayment proposal satisfies the "adequate assurance of payment" required by §366(b). Conversely, CMP wants me to establish a "bright line" test by adopting the formula set forth in the rules and regulations of the Maine Public Utilities Commission ("MPUC").[2] I believe that §366 guides me

---

[2] These rules provide that a "utility cannot demand a deposit which is more than the two highest consecutive billing periods incurred within the previous 12-month period at that location. The amount of the deposit for a location with no previous usage history with the utility cannot exceed the two highest consecutive bills of the utility's other residential locations whose usage is similar or expected to be similar." MPUC Rules, Ch. 815, §7.E.1.

2

down a slightly different path and for the reasons set forth below, I find that the deposit requested by CMP is reasonable.

In a chapter 13 case §366 (a) and (b) govern payment of adequate assurance to utilities. Section 366 (a), among other things, establishes the general admonition that CMP cannot alter, refuse, or discontinue service to, or discriminate against, the Andrews solely on the basis of their commencement of a bankruptcy case. Section 366 (b) opens the door for CMP to treat a debtor adversely by allowing it to alter, refuse or discontinue service to a debtor unless the debtor "furnishes adequate assurance of payment, in the form of a deposit or other security" within 20 days of the bankruptcy filing.

Some courts have held that a good payment history can suffice as adequate assurance of payment. I am not convinced. A plain reading of the statute indicates that Congress was looking for something more. Although "furnish" is not defined in the Code, its use in conjunction with "adequate assurance of payment, in the form of a deposit or other security" leads me to conclude that the debtor must provide, supply, give, equip or present the utility with something to lessen the risk to the utility in the event of nonpayment.

At trial, the representative for CMP testified that the utility applies the same formula of the two highest consecutive months based on usage to every debtor when seeking a deposit under §366(b). She stated that the formula is based on the fact that residential customers receive approximately one month of service before CMP issues a bill, and that under the MPUC regulations, customers can receive a minimum of 75 days unpaid power before CMP is able to terminate service. Therefore, in the event the customer does not pay, CMP would be owed more than two months of energy service.

Debtors' counsel points to the Andrews' stellar payment history with CMP as an indication that prepayment should be adequate enough to ensure future payment. I see the point, but under the particular facts of this case, including the uncontested testimony of the CMP representative, I conclude that a security deposit as calculated by Ch. 815, §7 E.1. is reasonable.

However, I conclude that given the Andrews' circumstances and payment history, it is reasonable to allow them 90 days to pay the $243 deposit and if they so choose, they could do so by amending their chapter 13 plan so the trustee would deliver $81 per month for the next three months of plan payments. CMP would then hold this deposit in accordance with the MPUC Rules and, if the chapter 13 case is alive 12 months from now, and if the Andrews have paid all intervening 12 monthly payments to CMP in full, CMP would refund the deposit to the chapter 13 trustee to be included in their estate.

While I find that the deposit sought by CMP is reasonable in the situation presented here, I decline issue a "bright line" rule for all cases. Other debtors might muse that if Mr. and Ms. Andrews, who have neither missed nor been late on their CMP payments, are required to "furnish" a two month security deposit, would any circumstances qualify for a lesser deposit, a prepayment or other security that satisfies 366(b)? I cannot answer that here without making this an advisory opinion and the "reasonable modification" relief value of §366(b) militates the adoption of a hard and fast test.[3]

The Motion is GRANTED in part and a separate order shall follow.

Dated: July 29, 2015                    /s/ Peter G. Cary
                                        Peter G. Cary, Judge
                                        United States Bankruptcy Court
                                        for the District of Maine

---

[3] CMP and the debtors agree that the MPUC rules do not dictate that I decide this case in a particular way. Those rules inform, but do not curtail this court. They specifically provide: "These rules shall be construed, wherever possible, consistently with applicable statutory and constitutional authority. Where a conflict exists, statutory or constitutional authority shall prevail over these rules." MPUC Rules, Ch. 110, §1.D.